**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-5038

UNITED STATES OF AMERICA,

          Plaintiff – Appellee,

     v.

ISRAEL ANTONIO CABRERA, a/k/a Jose Antonio Cabrera, a/k/a
Isareal Antonnio Cabrera, a/k/a Isareal Antonio Cabrera,
a/k/a Israel Cabrera, a/k/a Israel A. Cabrera, a/k/a Isreal
A. Cabrera, a/k/a Jose N. Campos, a/k/a Israel Cabrara,
a/k/a X Israel, a/k/a Jose Campos,

          Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.   Anthony J. Trenga,
District Judge. (1:09-cr-00410-AJT-1)

Submitted: May 27, 2011          Decided: June 7, 2011

Before WILKINSON, GREGORY, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Richard E. Gardiner, Fairfax, Virginia, for Appellant. Priya B.
Viswanath, Special Assistant United States Attorney, Alexandria,
Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Israel Antonio Cabrera appeals from his conviction for illegal reentry in violation of 8 U.S.C. § 1326(a) (2006) and the resulting sixty-six-month sentence imposed. Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal. Cabrera did not file a pro se supplemental brief. The Government elected not to file a brief. We affirm.

In reviewing the sufficiency of the evidence following a conviction, the court is to construe the evidence in the light most favorable to the Government, assume its credibility, and draw all favorable inferences. We will sustain the jury's verdict if any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt. United States v. Collins, 412 F.3d 515, 519 (4th Cir. 2005); United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002). We have reviewed the record and find the evidence sufficient to convict Cabrera.

A review of the record also reveals no error in sentencing. When determining a sentence, the district court must calculate the appropriate advisory Sentencing Guidelines range and consider it in conjunction with the factors set forth in 18 U.S.C. § 3553(a) (2006). Gall v. United States, 552 U.S. 38, 49-50 (2007). Appellate review of a district court's

2

imposition of a sentence, "whether inside, just outside, or significantly outside the Guidelines range," is for abuse of discretion. Id. at 41. The district court followed the necessary procedural steps in sentencing Cabrera, appropriately treating the Sentencing Guidelines as advisory, properly calculating and considering the applicable Guidelines range, considering Cabrera's request for a downward variance, and weighing the relevant § 3553(a) factors. The court provided thorough reasoning for the below-Guidelines sentence. We conclude that the district court did not abuse its discretion in imposing the chosen sentence.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Cabrera's conviction and sentence. This court requires that counsel inform Cabrera, in writing, of the right to petition the Supreme Court of the United States for further review. If Cabrera requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cabrera. We dispense with oral argument because the facts and legal contentions are adequately presented in the

3

materials before the court and argument would not aid the decisional process.

AFFIRMED